Filed 12/27/22  P. v. Rangel CA2/8
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B311083 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA050596) |
| v. | |
| RAYMOND RANGEL, III, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Bruce F. Marrs, Judge.  Reversed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

On December 21, 2021, we affirmed the summary denial of Raymond Rangel III's s petition for resentencing under Penal Code[1] section 1170.95.[2] This section allows those convicted of murder to seek retroactive relief if changes to the murder statutes enacted in Senate Bill No. 1437 affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4; *People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) In 2002, a jury found Rangel and co-defendant Daniel Louis Lopez guilty of first degree special circumstance murder while engaged in a robbery (§ 190.2, subd. (a)(17)). The jury also found true the special circumstance allegation that Lopez, but not Rangel, personally used a firearm causing the victim's death. Both defendants were sentenced to a minimum of life imprisonment without possibility of parole. Both appealed their convictions. On May 30, 2003, this court rejected all claims on appeal, including a challenge to the sufficiency of the evidence to support the jury's special circumstance findings, and affirmed the judgment in its entirety. (*People v. Daniel Louis Lopez, Jr., et al* (May 30, 2003, B158058) [nonpub. opn.].)

On April 17, 2020, Rangel filed a petition to vacate his conviction. On February 5, 2021, the trial court denied the petition, stating: "A defendant convicted of murder with felony murder of special circumstances is not, as a matter of law,

---

[1]     Further section references are to the Penal Code.

[2]     Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

eligible for resentencing pursuant to section 1170.95 because those elements of major participant and acting with reckless indifference to human life have already been established by a jury beyond a reasonable doubt." Rangel filed a timely notice of appeal.

On appeal Rangel argued the trial court erroneously denied his 1170.95 petition because the true finding on the robbery-murder special circumstance allegation does not, as a matter of law, defeat his prima facie case and preclude eligibility for resentencing. He argued the California Supreme Court decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) substantially changed the law on felony murder and he is entitled to an evidentiary hearing on his resentencing petition.

We disagreed and affirmed the trial court's order. On November 22, 2022, the California Supreme Court ordered us to vacate our decision and "reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698. (Cal. Rules of Court, rule 8.528(d).)" We now do so and reverse the order of the trial court denying Rangel's petition.

**FACTS**

We recite the relevant facts from our prior opinion in this case. (*People v Lewis* (2021) 11 Cal.5th 952, 970–971 (*Lewis*) [court may rely on record of conviction, including appellate opinion, to determine whether a prima facie showing has been made].)[3]

---

[3]     On June 28, 2021, we granted appellant's request that we take judicial notice of the records and files of his original appeal. On July 27, 2021, appellant filed a second request that we take

3

Bodyguard Sidney Hall was shot and killed at a bachelor party gone awry. Hall had been assigned escort and bodyguard duties for one of several exotic dancers performing at the party. When three unruly male guests began heckling and harassing the dancers, Hall ejected them. Words were exchanged, tempers flared, and in the end Hall sustained a single fatal wound from a gunshot fired by co-defendant Lopez. One of the exotic dancers, Torres, and her bodyguard, Santos, claimed they were robbed at gunpoint by two of the hecklers, identified as Rangel and Lopez, after Lopez shot Hall.

## DISCUSSION

I. *Senate Bill No. 1437*

Effective January 1, 2019, Senate Bill No. 1437 was enacted to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 1, subd. (f); (*Gentile*, *supra*, 10 Cal.5th at p. 842.) Senate Bill No. 1437 amended sections 188 and 189 and added section 1172.6, which provides a procedure by which those convicted of murder can seek retroactive relief if the amendments affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)

Under section 1172.6, a defendant may petition for resentencing if he or she was "convicted of felony murder or murder under a natural and probable consequences doctrine" and

---

judicial notice of Exhibit A attached to the motion (namely, jury instructions from the trial). We grant that request.

the following conditions are met: (1) a charging document was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) the petitioner was convicted of first or second degree murder following trial or an accepted plea; and (3) the petitioner could not be convicted of first or second degree murder because of changes to sections 188 or 189 made by Senate Bill No. 1437. (§ 1172.6, subd. (a); *Lewis, supra*, 11 Cal.5th at pp. 959–960.)

After the defendant files and serves a complete petition, the "prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner has made a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

If the court issues an order to show cause, it must hold a hearing to determine whether to vacate the murder conviction, recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided the new sentence is not greater than the initial sentence. (§ 1172.6, subd. (d)(1); see *Lewis, supra,* 11 Cal.5th at p. 960.)

II.    *Rangel Is Entitled to Issuance of an Order to Show Cause and an Evidentiary Hearing on His Petition for Resentencing*

5

Here, the jury found Rangel guilty of first degree felony murder and found true the robbery-murder special circumstance in section 190.2, subdivision (a)(17). In doing so, the jury necessarily made one of these essential findings in accordance with the jury instructions it received from the court: Rangel was the actual killer; Rangel acted as an aider and abettor with intent to kill; or Rangel acted as a major participant in the underlying felony with reckless indifference to human life. Senate Bill No. 1437 amended section 189, subdivision (e) to require proof beyond a reasonable doubt of facts supporting one of these same three theories in order to find a defendant guilty of felony murder. In our prior opinion, we concluded the true finding for the felony murder special circumstance precludes relief even after the passage of Senate Bill No. 1437.

After we rejected appellant's claims, our Supreme Court decide *People v. Strong, supra,* 13 Cal.5th 698 (*Strong*). In *Strong,* the Court held that a true finding on a felony murder special circumstance allegation rendered prior to the *Banks* and *Clark* decisions does not preclude, as a matter of law, resentencing relief under section 1172.6. (*Strong,* at p. 710.) The court reasoned *Banks* and *Clark* represent the type of significant change in law traditionally found to warrant re-examination of an earlier litigated issue. (*Strong,* at pp. 717–718.)

Here, the judgment on the true findings for the special circumstance was entered in 2002, long before *Banks* and *Clark* were decided. The People concede reversal and remand are required and an order to show cause and evidentiary hearing are appropriate. We agree.

6

## DISPOSITION

The order is reversed.  The trial court is directed to issue an order to show cause and conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


GRIMES, J.


WILEY, J.